**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BARRY LOUIS LAMON, | No. 10-15706 |
| Plaintiff - Appellant, | D.C. No. 2:03-cv-00423-AK |
| v. | |
| D. LYTLE, Sergeant; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Alex Kozinski, Chief Judge, Presiding

Submitted December 19, 2011[**]

Before:    GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Barry Louis Lamon appeals pro se from the district court's judgment

denying his motion for a new trial and from various other rulings in his 42 U.S.C.

§ 1983 action alleging First and Eighth Amendment claims.  We have jurisdiction

under 28 U.S.C. § 1291.  We review for an abuse of discretion the denial of a

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

motion for a new trial, *Desrosiers v. Flight Int'l of Fla., Inc.*, 156 F.3d 952, 957 (9th Cir. 1998), and may affirm on any grounds supported by the record, *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court did not abuse its discretion in denying a new trial based on defendants' alleged destruction of evidence because Lamon failed to establish that there was an absolute absence of evidence to support the jury's verdict as to his deliberate indifference to medical needs claim. *See Desrosiers*, 156 F.3d at 957.

The district court properly instructed the jury that prison officials were entitled to deference in how they accomplished Lamon's cell transfer because such an instruction is required for all conditions of confinement claims. *See Norwood v. Vance*, 591 F.3d 1062, 1067 (9th Cir. 2010) (error to reject deference instruction on Eighth Amendment claim); *Clem v. Lomeli*, 566 F.3d 1177, 1180 (9th Cir. 2009) (reviewing de novo a jury instruction challenged as incorrect).

Dismissal of Lamon's First Amendment claim for denial of a kosher religious diet was proper under res judicata because he had already litigated the merits of the same claim in his prior state habeas petition. *See Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) (in applying the doctrine of res judicata, court looks to the law of the state in which prior judgment issued); *Kay v. City of Rancho Palos Verdes*, 504 F.3d 803, 808-09 (9th Cir. 2007) (discussing requirements of res

10-15706

judicata under California law); *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997) (reviewing de novo a dismissal on res judicata grounds).

The district court did not abuse its discretion in declining to appoint counsel because Lamon failed to show exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

The district court did not abuse its discretion in declining to conduct hearings on fully briefed motions, denying Lamon's motion to consolidate cases, granting the parties certain continuances, or otherwise managing the litigation in its discretion. *See Preminger v. Peake*, 552 F.3d 757, 769 n.11 (9th Cir. 2008).

We decline to consider whether denial of injunctive relief was proper because that issue has "merged" with Lamon's substantive appeal as to his claims. *See SEC v. Mount Vernon Mem'l Park*, 664 F.2d 1358, 1361-62 (9th Cir. 1982).

Lamon's remaining contentions are unpersuasive.

**AFFIRMED**.