**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 02 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| PIERRE L. HOFFMAN, | No. 10-15657 |
| Plaintiff - Appellant, | D.C. No. 5:06-cv-02248-JW |
| v. | |
| CHARLES LEE, Dr., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
James Ware, Chief District Judge, Presiding

Argued and Submitted March 13, 2012
San Francisco, California

Before: McKEOWN and M. SMITH, Circuit Judges, and ROTHSTEIN, Senior
District Judge.[**]

Pierre Hoffman, a prisoner at times relevant to this lawsuit, brought suit

against Dr. Charles Lee, the prison health care manager, claiming deliberate

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Barbara Jacobs Rothstein, Senior District Judge for the
U.S. District Court for Western Washington, sitting by designation.

indifference to serious medical needs and retaliation against protected speech and alleging violations of the First and Eighth Amendments under 42 U.S.C. § 1983. The jury returned a verdict in favor of Dr. Lee and the district court entered judgment. It is from that judgment that Hoffman appeals. We have jurisdiction over this matter pursuant to 28 U.S.C. § 1291. The facts of this case are known to the parties. We need not repeat them here.

Hoffman argues that it was error for the district court to instruct the jury on his Eighth Amendment claim to give deference to the judgment of prison officials on matters pertaining to discipline and security. "The standard of review on appeal for an alleged error in jury instructions depends on the nature of the claimed error. We review a district court's formulation of jury instructions in a civil case for abuse of discretion. We review de novo whether the instructions misstated the law." *Dang v. Cross*, 422 F.3d 800, 804 (9th Cir. 2005) (citations and internal quotation marks omitted).

We recently held in *Norwood v. Vance*, 591 F.3d 1062, 1066–67 (9th Cir. 2010), that such an instruction is necessary in cases challenging a prisoner's conditions of confinement. Because a prisoner's medical care is essentially a condition of his confinement, *see Wilson v. Seiter*, 501 U.S. 294, 303 (1991), the court was correct to give the deference instruction here.

The district court did err in refusing to give a supervisory liability instruction on Hoffman's First Amendment claim. The court conceded that there was testimony indicating that Dr. Lee had ordered his subordinates to raid Hoffman's cell for medical supplies, but maintained that such evidence was not characteristic of supervisory liability. On the contrary, a supervisor is liable for the acts of his subordinates when he directs the violation. *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009).

This error does not require reversal, however, because it was more probably than not harmless. *See Clem v. Lomeli*, 566 F.3d 1177, 1182 (9th Cir. 2009). "[P]rejudicial error results when, *looking to the instructions as a whole*, the substance of the applicable law was not fairly and correctly covered." *Swinton v. Potomac Corp.*, 270 F.3d 794, 807 (9th Cir. 2001) (internal quotation and other marks omitted). The court correctly instructed the jury as to the First and Eighth Amendment claims and, in the context of the Eighth Amendment, provided an alternative instruction for supervisory liability. Hoffman argues that the court committed reversible error by failing to repeat the supervisory liability instruction in its explanation of the First Amendment claim. But this oversight is a far cry from the errors we have held to be prejudicial in other cases. *See, e.g., Sanders v. City of Newport*, 657 F.3d 772, 782 (9th Cir. 2011) (failure to define "reasonable

cause" not harmless); *Clem*, 566 F.3d at 1183 (failure to explain "deliberately indifferent" not harmless); *Caballero v. City of Concord*, 956 F.2d 204, 207 (9th Cir. 1992) (addition of extra element to plaintiff's burden of proof not harmless).

Most importantly, the question of supervisory liability on the First Amendment claim accidentally remained on the verdict form, despite the judge's ruling, and the jury returned a verdict in favor of Dr. Lee. We have held that verdict "forms are, in essence, instructions to the jury and thus in some cases can cure problems created by defective instructions." *Pulido v. Chrones*, 629 F.3d 1007, 1016 (9th Cir. 2010) (citations and internal quotation marks omitted). Because the court had already instructed the jury as to all the correct elements of both a First Amendment claim and supervisory liability, albeit in piecemeal fashion, prejudice could only result from the jury's confusion at not hearing the alternative instruction repeated in the specific context of a First Amendment claim. The verdict form's inadvertent question linked supervisory liability to the retaliation claim and thus dispelled any confusion.

The district court properly admitted evidence of the medical care Hoffman received unrelated to his urinary problems. The fact that a prisoner's harm was an isolated occurrence during his overall treatment weighs against a finding of deliberate indifference. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

Hoffman concedes that he suffers from numerous medical conditions and does not dispute that he received adequate care for those other issues. The court was correct to allow the jury to see the whole picture and decide if the alleged harms were isolated instances of neglect.

The court also was correct to admit Dr. Milanesa's testimony. Dr. Milanesa was not disclosed as an expert witness, but as a lay witness he could testify to matters rationally based on his perception. *See* FED. R. EVID. 701. Hoffman is correct that other circuits have held that treating physicians are experts that must be properly disclosed under Federal Rule of Civil Procedure 26. *See, e.g., Musser v. Gentiva Health Servs.*, 356 F.3d 751, 756 n.2 (7th Cir. 2004). This court has not. We hold that Dr. Milanesa testified only as a percipient witness and thus need not have been disclosed as an expert. Each of his opinions addressed his thoughts on particular actions that he took in his treatment of Hoffman. The district court properly admitted the testimony.

**AFFIRMED.**