**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| RONALD REED,<br><br>        Plaintiff - Appellant,<br><br>    v.<br><br>B. WILLIAMS; et al.,<br><br>        Defendants - Appellees. | No. 11-15651<br><br>D.C. No. 2:05-cv-00060-JAM-KJN<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted March 12, 2013[**]

Before:    PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

California state prisoner Ronald Reed appeals pro se from the district court's

judgment in his 42 U.S.C. § 1983 action alleging that prison officials were

deliberately indifferent to his serious medical needs and knowingly failed to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

protect him from attack by another inmate. We have jurisdiction under 28 U.S.C. § 1291. We review de novo summary judgment. *Toguchi v Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We review for an abuse of discretion a district court's formulation of jury instructions, and de novo whether a jury instruction misstates the law. *Wall Data Inc., v. Los Angeles Cnty. Sheriff's Dep't*, 447 F.3d 769, 784 (9th Cir. 2006). We affirm.

The district court properly granted summary judgment on Reed's deliberate indifference claim because Reed failed to raise a genuine dispute of material fact as to whether defendant Williams knew of and disregarded an excessive risk to his health. *See Toguchi*, 391 F.3d at 1057 (explaining that prison officials act with deliberate indifference only if they know of and disregard an excessive risk to an inmate's health).

The district court did not abuse its discretion in its formulation of the instruction concerning the credibility of witnesses because, contrary to Reed's contention, the instruction was not misleading. *See Wall*, 447 F.3d at 784 (finding no error where challenged jury instructions "fairly and adequately covered the issues presented, correctly stated the law, and were not misleading").

We do not consider Reed's other challenges to the district court's jury instructions because Reed failed to object to them before the district court, and our

review of the record reveals that there was no plain error. *See Hunter v. County of Sacramento*, 652 F.3d 1225, 1230 (9th Cir. 2011) ("If a party does not properly object to jury instructions before the district court, we may only consider 'a plain error in the instructions that . . . affects substantial rights.'" (citation omitted)); *cf. Clem v. Lomeli*, 566 F.3d 1177, 1180-82 (9th Cir. 2009) (discussing the appropriateness of a "failure to act" instruction where the evidence showed that the prison official failed to take any action in response to the inmate's cry for help).

The district court did not abuse its discretion by denying Reed's request for default judgment and sanctions because defendant Moore did not commit any discovery violations, and there was no clear evidence of perjury. *See Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) (setting forth the standard of review, discussing the bad faith requirement for imposing sanctions under a court's inherent power, and explaining that the requirement sets a "high threshold"). We do not consider Reed's challenge to the district court's failure to enter default judgment or impose sanctions against defendant Frates because Reed raises this challenge for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

In light of the above, we do not consider defendants Moore and Frates's argument in the alternative that Reed failed to properly exhaust his administrative

3                                                                                      11-15651

remedies.

**AFFIRMED.**

11-15651