In the

# United States Court of Appeals

### For the Seventh Circuit

No. 12-3639

MICHAEL B. KINGSLEY,

*Plaintiff-Appellant,*

*v.*

STAN HENDRICKSON, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Western District of Wisconsin.
No. 3:10-cv-00832-bbc — **Barbara B. Crabb**, *Judge.*

SUBMITTED JULY 24, 2015* — DECIDED SEPTEMBER 8, 2015

Before RIPPLE and HAMILTON, *Circuit Judges*, and
STADTMUELLER, *District Judge.***

---

* After examining the briefs and record, we have concluded that oral argument is unnecessary. The appeal therefore is submitted on the briefs and record. See Fed. R. App. P. 34(a)(2).

** Of the United States District Court for the Eastern District of Wisconsin, sitting by designation.

PER CURIAM. This matter is before the court on remand
from the Supreme Court of the United States. On June 22,
2015, the Court vacated our judgment and remanded the case
to us for further proceedings. Pursuant to our Circuit Rule 54,
the parties now have submitted statements of their respective
positions. For the reasons set forth in this opinion, we now
vacate the judgment of the district court and remand this case
to the district court for a new trial.

**A.**

We assume familiarity with the decision of the Supreme
Court, *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), and with
the earlier decision of this court, *Kingsley v. Hendrickson*, 744
F.3d 443 (7th Cir. 2014), and therefore we only briefly summa-
rize those proceedings here. Bringing his action under 42
U.S.C. § 1983 against various officials at the Monroe County
Jail in Sparta, Wisconsin, Mr. Kingsley claimed that jail offi-
cials had used excessive force in applying a Taser to him while
he was held as a pretrial detainee at the facility. The jury
found for the defendants. Mr. Kingsley appealed to this court,
claiming that he had been prejudiced by the instructions
given to the jury. In particular, Mr. Kingsley maintained that
the district court had erred by instructing the jury that he was
required to establish the subjective intent of the officers. In af-
firming the judgment of the district court, we determined that
the jury "instructions were not an erroneous or confusing
statement of the law of this circuit." *Kingsley*, 744 F.3d at 445.
Specifically, we held that relevant Supreme Court precedent
directed us to evaluate an excessive force claim by a pretrial
detainee using the Due Process Clause of the Fourteenth
Amendment. Looking to our own cases, we concluded that

"*some* consideration of [the] intent" of the officers was supported in our cases, but that "it is limited in significant measure by the fact that it is discernable from objective considerations." *Id.* at 452 (emphasis in original). One of our number dissented.

Resolving a split among the circuits on that issue, the Supreme Court vacated our decision and held "that a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable" and that no showing regarding the defendant's state of mind is required. *Kingsley*, 135 S. Ct. at 2473. The court then remanded the case to this court and directed us to determine whether the district court's error could be characterized as harmless based "in part on the detailed specifics of th[e] case." *Id.* at 2477. The Court then remanded the case to this court and directed that we address that issue.

In his Rule 54 statement, Mr. Kingsley submits that we ought to remand this case to the district court for a new trial on his excessive force claim against Sergeant Stan Hendrickson and Deputy Fritz Degner. The defendants take a different position; in their view, the decision of the Supreme Court entitles them to qualified immunity. Alternatively, they submit that any error in the instructions was harmless.

### B.

With this background, we now follow the direction of the Supreme Court and address the question of harmless error. "[I]n order to obtain a new trial based on an incorrect jury instruction, [an appellant] must establish both that the instruc-

tions failed to properly state the law and that he was prejudiced by the error because the jury was likely to be misled or confused." *Davis v. Wessel*, 792 F.3d 793, 798 (7th Cir. 2015) (alterations in original) (internal quotation marks omitted).[1] As the Supreme Court noted,[2] this question is usually a fact-intensive inquiry that requires assessment of the entire record.

We have undertaken the required scrutiny of the record and are convinced that the error in this case cannot be characterized as harmless. True, many of the factors to which the district court invited the jury's attention were the same factors that a jury would assess under the objective standard now mandated by the Supreme Court. Nevertheless, those factors were suggested to the jury not in the context of applying them to an objective test but as circumstantial evidence from which an inference of reckless or malicious intent *might* be drawn. Moreover, given the evidence of record, the jurors might well have decided that, although the officers had acted in an objectively unreasonable manner, they did not have the subjective intent required by the erroneous instruction. That is, the jurors might well have concluded that the officers acted in an objectively unreasonable manner in their effort to handle a manacled prisoner, a conclusion supported by the testimony of Mr. Kingsley's expert. Nevertheless, the jury *also* might have concluded that the officers, while unreasonable in their approach, did not have a reckless or malicious intent.

---

[1] *See also Johnson v. Gen. Bd. of Pension & Health Benefits of United Methodist Church*, 733 F.3d 722, 733 (7th Cir. 2013), *cert. denied*, 135 S. Ct. 92 (2014).

[2] *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2477 (2015).

Under the Supreme Court's holding, Mr. Kingsley should prevail if he is able to establish that the officers acted in an unreasonable manner—without regard to their subjective intent. The evidence of record would have supported a finding for him under that theory, but the jury was told that it also had to find the officers had a proscribed intent. This last requirement increased, significantly, his burden of proof. The error was not harmless.

### C.

The defendants next suggest that they should be able to avoid retrial because they are entitled to qualified immunity. Their argument is a nuanced one. In their view, the decision of the Supreme Court, resolving a circuit split in its decision in this case, altered the substantive law of liability. Because there was a division among the circuits on the state of the law at the time that they acted, they contend that they cannot be held liable for their actions.

Although the matter of qualified immunity was brought to the attention of the Court, its instructions to us make no mention of our returning to this issue. In any event, we do not believe that this defense is a viable one here. In § 1983 actions, "[q]ualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Taylor v. Barkes*, 135 S. Ct. 2042, 2044 (2015) (internal quotation marks omitted). Under this standard, "[a]n officer cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in [his] shoes would have

understood that he was violating it, meaning that existing precedent ... placed the statutory or constitutional question beyond debate." *City & Cty. of San Francisco, Cal. v. Sheehan*, 135 S. Ct. 1765, 1774 (2015) (second and third alteration in original) (citation omitted) (internal quotation marks omitted). To address this question, the Supreme Court has instructed us that we must define the right in question with a sufficient degree of particularity.[3] Thus, in this case, the scope of the right in issue must be drawn more narrowly than the right of a pretrial detainee to be free from excessive force during his detention; instead, we must examine whether the law clearly established that the use of a Taser on a non-resisting detainee, lying prone and handcuffed behind his back, was constitutionally excessive.

Here, the facts surrounding the underlying incident are in sharp dispute. When those facts are construed in the light most favorable to Mr. Kingsley, *see Saucier v. Katz*, 533 U.S. 194, 201 (2001), a reasonable officer was certainly on notice at the time of the occurrence that Mr. Kingsley's conduct did not justify the sort of force described in his account. According to Mr. Kingsley, he was not resisting the officers in a manner that justified slamming his head into the wall, using a Taser while he was manacled, and leaving him alone after use of that instrument. Our precedent makes clear that when the officers applied the Taser to Mr. Kingsley in May 2010, use of the Taser violated Mr. Kingsley's right to be free from excessive force if he was not resisting. *See Lewis v. Downey*, 581 F.3d

---

[3] *See, e.g., City & Cty. of San Francisco, Cal. v. Sheehan*, 135 S. Ct. 1765, 1775–76 (2015); *Brousseau v. Haugen*, 543 U.S. 194, 198–99 (2004); *Anderson v. Creighton*, 483 U.S. 635, 639–40 (1987).

467, 478–79 (7th Cir. 2009) (denying qualified immunity to officers who applied a Taser to a pretrial detainee lying "prone on [a] bed, weakened, and docile," in response to his refusal of an order to get out of bed); *Brooks v. City of Aurora, Ill.*, 653 F.3d 478, 487 (7th Cir. 2011) (noting that prior cases had established the illegality of the use of pepper spray on an arrestee who was "already … handcuffed and … offering no physical resistance" or was "lying face down … with both arms handcuffed behind his back" (internal quotation marks omitted)); *see also Sallenger v. Oakes*, 473 F.3d 731, 741–42 (7th Cir. 2007) (noting, in its evaluation of the officers' conduct for immunity purposes, that the fact that the force was applied *after the arrestee was handcuffed* was a significant factor in denying immunity); *cf. Forrest v. Prine*, 620 F.3d 739, 745 (7th Cir. 2010) (finding force was not unconstitutionally excessive when Taser was applied "where the officers were faced with aggression, disruption, [and] physical threat" and where plaintiff "posed an immediate threat to safety and order within the jail" (alteration in original) (internal quotation marks omitted)).

If we were to accept the defendants' argument here, we would untether the qualified immunity defense from its moorings of protecting those acting in reliance on a standard that is later determined to be infirm. Here, *before and after* the Supreme Court's decision in this case, the standards for the amount of force that can be permissibly employed remain the same. To accept the defense of qualified immunity here, we would have to accept the dubious proposition that, at the time the officers acted, they were on notice only that they could not have a reckless or malicious intent and that, as long as they acted without such an intent, they could apply any degree of force they chose. As we have noted, however, the law clearly

established that the amount of force had to be reasonable in light of the legitimate objectives of the institution.

Accordingly, the judgment of the district court is reversed, and the case is remanded for further proceedings in accordance with this opinion.

REVERSED and REMANDED