**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERIC D. WHITE,<br><br>     Plaintiff-Appellant,<br><br>v.<br><br>LEROY BACA; et al.,<br><br>     Defendants-Appellees. | No. 14-55858<br><br>D.C. No.<br>2:13-cv-03401-JFW-SS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted January 9, 2017
Pasadena, California

Before:  KOZINSKI and WATFORD, Circuit Judges, and BENNETT,[**] District
Judge.

**1.** We review a claim that a jury instruction is an incorrect statement of

the law de novo, reversing only where there was a prejudicial error.  *See Chess v.*

*Dovey*, 790 F.3d 961, 970 (9th Cir. 2015) (citing *Clem v. Lomeli*, 566 F.3d 1177,

---

[*] This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Mark W. Bennett, United States District Judge for the Northern
District of Iowa, sitting by designation.

1180-82 (9th Cir. 2009)). The jury instructions erroneously stated that the jury needed to find the defendants acted maliciously and sadistically for the purpose of causing harm. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472-73 (2015) (holding that the factfinder need only decide whether the force the officer used against the pretrial detainee was objectively unreasonable). Because the jury instructions included a particular state of mind requirement, they failed to properly state the law. *Id*. at 2476.

**2.** The failure to properly instruct the jury was not harmless. *See Chess*, 790 F.3d at 977. White is entitled to a new trial because the defendants have failed to identify any evidence to support a harmless error finding, and it is unlikely that adding an extra element to White's burden of proof would be harmless. *See Clem*, 566 F.3d at 1182-83. Moreover, given the evidence in the record, it cannot be said that it is more likely than not that the jury would have reached the same verdict had it been properly instructed. *Id*. Although it is plausible that the jury determined the defendants acted in a reasonable manner, it is also plausible that the jury concluded the defendants acted in an unreasonable manner, but they did not act maliciously and sadistically for the purpose of causing harm. *Id*. at 1183 (observing that a determination as to the jury's understanding of an undefined term could not be made and, consequently, the verdict might have been different absent

the erroneous instruction); *cf. Kingsley v. Hendrickson*, 801 F.3d 828, 831 (7th Cir. 2015) (holding that instruction error was not harmless because the evidence supported the theory offered by the pretrial detainee, and the jury was told that, in addition to finding the officers acted in an unreasonable manner, it needed to find the officers had a proscribed intent), *on remand from* 135 S. Ct. 2466 (2015). Lastly, the jury verdict form is of no moment because it does not separate the elements that the jury had to find in order to establish liability; the first question, which is the only question the jury answered, subsumes all of the excessive force elements, including the erroneous requirement that White establish the subjective intent of the defendants. *See Clem*, 566 F.3d at 1183.

**REVERSED AND REMANDED.**