**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JAMES CLEM,

    *Plaintiff-Appellant,*

v.

G. LOMELI,

    *Defendant-Appellee.*

No. 07-16764

D.C. No.
CV-05-02129-JKS

OPINION

Appeal from the United States District Court
for the Eastern District of California
James K. Singleton, District Judge, Presiding

Argued and Submitted
May 6, 2009—San Francisco, California

Filed June 2, 2009

Before: Procter Hug, Jr., Michael Daly Hawkins and
Richard C. Tallman, Circuit Judges.

Opinion by Judge Hawkins;
Concurrence by Judge Hug

6567

**COUNSEL**

Karen Kreuzkamp, Morrison & Foerster, LLP, San Francisco, California, for the appellant.

Vickie P. Whitney (presented oral arguments) and Christopher J. Becker (authored brief), Office of the State of California Attorney General, Sacramento, California, for the appellee.

**OPINION**

HAWKINS, Circuit Judge:

Plaintiff James Clem ("Clem"), an inmate in the custody of the California Department of Corrections, appeals from an adverse jury verdict in his 42 U.S.C. § 1983 civil rights damages action, arguing the district court gave erroneous jury instructions and that the error was not harmless. In the underlying action, Clem alleges he was beaten by his cellmate and that a prison officer is liable for the attack under the Eighth Amendment for failing to abate a known risk. Concluding that the jury instructions misstated the law and that the error was prejudicial, we reverse and remand.

## I. BACKGROUND

### A. Factual Background

Although this is an appeal from a jury verdict, because we conclude the jury instructions were erroneous, "the prevailing party is not entitled to have disputed factual questions resolved in his favor because the jury's verdict may have resulted from a misapprehension of law rather than from factual determinations in favor of the prevailing party." *Gambini v. Total Renal Care, Inc.*, 486 F.3d 1087, 1093 (9th Cir. 2007) (quoting *Swinton v. Potomac Corp.*, 270 F.3d 794, 805-06 (9th Cir. 2001)). The record therefore establishes the following:

Clem is an inmate in the custody of the California Department of Corrections at the Mule Creek State Prison in Ione, California. Clem's cellmate during the time relevant to this case was Inmate Godman ("Godman"), who was and is serving a life sentence for murder.

Clem returned to his cell for an afternoon head-count and found Godman in the cell, drunk. Godman had apparently

consumed a large quantity of home-made wine. As soon as Clem entered his cell, Godman told Clem "I'll kill you" and threatened to beat him. Clem testified that, feeling frightened, he "yelled" for the head-count officer, Officer Gabriel Lomeli ("Lomeli"), to move him from the cell because Godman was drunk and threatening to kill him. Lomeli told him to "[d]eal with it." For his part, Lomeli testified that Clem merely explained he was "tired" of being in his cell and needed to be moved. In any event, it is uncontested that Lomeli continued with his count, walking away from Clem's cell without intervening.

Shortly after Lomeli walked away from the cell, Godman began severely beating Clem, breaking his jaw and knocking him unconscious. Minutes later, officers arrived in response to a "loud crash" and found Clem convulsing on the floor of his cell. Lomeli and another prison officer radioed for medical assistance and restrained Godman. Due to the severity of his injuries, Clem was taken to an outside community hospital, where doctors wired his mouth shut. Clem remained in the infirmary for approximately one month.

## B.   Procedural Background

Clem filed this § 1983 civil action, alleging that Lomeli violated his Eighth Amendment right to be free from cruel and unusual punishment when he failed to alleviate the substantial risk that Godman posed to Clem.

Prior to trial, Clem, appearing pro se, asked the district court to instruct the jury that Lomeli could be found liable if the jury determined he "knew that [Clem] faced a substantial risk of serious harm and disregarded that risk *by failing to take measures to abate it*." Lomeli submitted his own proposed instructions, following the Ninth Circuit's Model Civil Jury Instruction 9.25 (2007), which omitted the "failure to act" element, stating instead that liability requires "(1) the plaintiff faced a substantial risk of serious harm; (2) the

defendant knew of that risk and disregarded it; and (3) *the act of the defendant caused harm to the plaintiff.*" (Emphasis added).[1]

Over Clem's objection, the district court adopted Lomeli's proposed instructions, declining to give the "failure to act" instruction. The court additionally charged the jury that it could find for Clem only if an "act of the defendant deprived [Clem] of his particular rights," and that "[i]n order to establish that the act of defendant Lomeli deprived [Clem] of his particular rights . . . , [Clem] must prove by a preponderance of the evidence that the act was so closely related to the deprivation of [Clem's] rights as to be the moving force that caused the ultimate injury."

Following a one-day trial, an eight-member jury found in favor of Lomeli. Clem timely appealed, arguing the jury instructions erroneously omitted a "failure to act" charge.

## II.   STANDARD OF REVIEW

Because Clem "challenges the [district] court's [civil jury] instruction as an incorrect statement of the law," we review the instructions de novo. *Dang v. Cross*, 422 F.3d 800, 804 (9th Cir. 2005) (citing *Galdamez v. Potter*, 415 F.3d 1015, 1021-22 (9th Cir. 2005)).

## III.   DISCUSSION

" '[J]ury instructions must fairly and adequately cover the issues presented, must correctly state the law, and must not be misleading.' " *Dang*, 422 F.3d at 804 (quoting *White v. Ford*

---

[1]A Ninth Circuit Model Jury Instruction 11.10 (2001) formerly instructed juries that prison officials could commit deliberate indifference also "by failing to take reasonable measures to correct" a substantial risk of serious harm. A 2007 revision to the model instructions eliminated the failure-to-act language. *See* 9th Cir. Model Civ. Jury Instr. 9.25 (2007).

*Motor Co.*, 312 F.3d 998, 1012 (9th Cir. 2002)). Each party is therefore " 'entitled to an instruction about his or her theory of the case if it is supported by law and has foundation in the evidence.' " *Id.* at 804-05 (quoting *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002)). A district court therefore commits error when it rejects proposed jury instructions that are properly supported by the law and the evidence. *Id.* "If, however, the error in the jury instruction is harmless, it does not warrant reversal." *Id.* at 805 (citing *Tritchler v. County of Lake*, 358 F.3d 1150, 1154 (9th Cir. 2004)).

## A. Instructional Error

**[1]** " '[P]rison officials have a duty [under the Eighth Amendment prohibition of cruel and unusual punishments] to protect prisoners from violence at the hands of other prisoners' " because "[b]eing violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.' " *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994) (quoting *Cortes-Quinones v. Jimenez-Nettleship*, 842 F.2d 556, 558 (1st Cir. 1988) (alterations omitted); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. Instead, prison officials are liable under the Eighth Amendment only if they demonstrate "deliberate indifference" to "conditions posing a substantial risk of serious harm" to an inmate. *Id.* It is well settled that "[d]eliberate indifference occurs when '[an] official acted *or failed to act* despite his knowledge of a substantial risk of serious harm.' " *Solis v. County of Los Angeles*, 514 F.3d 946, 957 (9th Cir. 2008) (emphasis added) (quoting *Farmer*, 511 U.S. at 841). Thus, violations of the Eighth Amendment may occur as a result of either "a prison official's act *or omission*." *Farmer*, 511 U.S. at 834 (emphasis added).

The instructions given misstated the law. The jury was told in Instruction 4 that it could find for Clem only if an "act of

the defendant deprived [Clem] of his particular rights," and that "[i]n order to establish that the act of defendant Lomeli deprived [Clem] of his particular rights . . . , [Clem] must prove by a preponderance of the evidence that the act was so closely related to the deprivation of [Clem's] rights as to be the moving force that caused the ultimate injury." Following this Circuit's current model civil jury instructions, the court gave Instruction 5:

> In order to prove the defendant deprived the plaintiff of [his] Eighth Amendment right[s], the plaintiff must prove the following additional elements by a preponderance of the evidence:
>
> 1.   the plaintiff faced a substantial risk of serious harm;
>
> 2.   the defendant knew of that risk and disregarded it; and
>
> 3.   *the act of the defendant caused harm to the plaintiff.*

(Emphasis added); *see also* 9th Cir. Model Civ. Jury Instr. 9.25 (2007).[2]

   **[2]** In order to find for Clem, the plain words of the instructions therefore required the jury to conclude that Lomeli took action in such a way that directly caused Clem's injuries. *Farmer* could not be more clear, however, that direct causation by affirmative action is not necessary: "a prison official may be held liable under the Eighth Amendment . . . if he knows that inmates face a substantial risk of serious harm and disregards that risk *by failing to take reasonable measures to abate it*." 511 U.S. at 847 (emphasis added).

---

[2]"The use of a model jury instruction does not preclude a finding of error." *Dang*, 422 F.3d at 805 (internal quotations and alterations omitted) (quoting *United States v. Warren*, 984 F.2d 325, 328 (9th Cir. 1993)).

**[3]** Lomeli argues the instructions were nevertheless proper because "failing to abate" a substantial risk of serious harm is semantically the same as "disregarding" a substantial risk of serious harm. While that argument might have some traction, it is ultimately beside the point: the jury charge unambiguously instructed the jury that it had to find not only that Lomeli "disregarded" a substantial risk of serious harm, but also that Lomeli himself took action that directly "caused harm to the plaintiff" (by, for example, affirmatively placing Godman in the cell with knowledge that he would harm Clem). By improperly adding this extra element to Clem's burden, the instructions simply did not permit the jury to find for Clem based on his legitimate "failure to act" theory of liability, standing alone. The jury charge therefore did not correctly state the law and thus did not "allow the jury to determine the issues presented intelligently." *Fikes v. Cleghorn*, 47 F.3d 1011, 1013 (9th Cir. 1995).

**[4]** Clem is also correct that a failure to act instruction had foundation in the evidence. There was evidence showing that Lomeli heard Clem's call for help immediately prior to his beating, and that the officer took no steps to abate any risk to Clem. Clem was therefore entitled to a "failure to act" instruction, and the district court erred in rejecting it. *See Dang*, 422 F.3d at 804-05.

## B. Prejudice from the Error

**[5]** " 'An error in instructing the jury in a civil case requires reversal unless the error is more probably than not harmless.' " *Id.* at 811 (quoting *Caballero v. City of Concord*, 956 F.2d 204, 206 (9th Cir. 1992)). Because we "presume prejudice where civil trial error is concerned," the "burden shifts to the defendant to demonstrate that it is more probable than not that the jury would have reached the same verdict had it been properly instructed." *Id.* (quotations and alterations omitted) (quoting *Galdamez*, 415 F.3d at 1025).

Here, Lomeli cannot overcome the presumption against him because he has failed to address prejudice in his answering brief, declining to advance any argument or identify any evidence to support a harmless error finding. He has therefore waived the argument. *See United States v. Gamboa-Cardenas*, 508 F.3d 491, 502 (9th Cir. 2007) (where appellees fail to raise an argument in their answering brief, "they have waived it" (citing *United States v. Nunez*, 223 F.3d 956, 958-59 (9th Cir. 2000)).

**[6]** Even setting aside the waiver issue, "it is more probable than not that" the error here was prejudicial. *Dang*, 422 F.3d at 811. At the outset, we have previously recognized that when "the trial court erroneously add[s] an extra element to [the plaintiff's] burden of proof," it is "unlikely that the error would be harmless." *Caballero*, 956 F.2d at 207. Here, the instructions added an extra element to Clem's burden of proof: that some act of Lomeli had to be the "moving force" that directly "caused the ultimate injury." It is therefore "unlikely" the error was harmless. *Id.*

**[7]** Prejudice is also generally more likely than not if "nothing about th[e jury's] verdict indicates that the result would have been the same without the error." *Id.* Here, the entire verdict consisted of the response "No" to the question, "[B]y failing to remove him from Cell 115, was Defendant Lomeli deliberately indifferent to a serious risk of harm to the plaintiff[?]" The trial court never explained to the jury, however, what the words "deliberately indifferent" meant, despite that they were the pivotal words on the jury verdict form. Because we cannot determine one way or another whether the jury understood "deliberate indifference" to include the affirmative act element, we cannot say the verdict would have been the same without the error. If the jury had been properly instructed, it "may well have concluded that" Lomeli *was* liable to Clem for failing to abate the risk of harm from Godman. *Dang*, 422 F.3d at 812. Accordingly, we hold the error was not harmless.

**REVERSED AND REMANDED.**

---

HUG, Circuit Judge, concurring:

I add this concurrence to emphasize that model instruction 9.25, set forth in the 2007 edition of the Ninth Circuit's Civil Model Jury Instructions, does not adequately state the law and should not be used by the district courts. The commentary to the instruction correctly notes that the Supreme Court clearly states in *Farmer v. Brennan*, 511 U.S. 825 (1994), that the key inquiry in an Eighth Amendment conditions of confinement claim is whether the defendant acted with "deliberate indifference." Yet the model instruction itself (like the jury instruction given in this case) never mentions or defines the term "deliberate indifference."

The 2001 version of the Ninth Circuit's Civil Model Jury Instructions correctly focuses on the term "deliberate indifference" and explains what constitutes "deliberate indifference." Model instruction 11.10 states:

> On the plaintiff's Eighth Amendment conditions of confinement claim, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:
>
>> 1. the defendant acted with deliberate indifference;
>>
>> 2. the defendant acted under color of law; and
>>
>> 3. the conduct of the defendant caused harm to the plaintiff.
>
> To establish deliberate indifference, the plaintiff must prove that the defendant knew that the plaintiff

faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to correct it.

9th Cir. Model Civ. Jury Instr. 11.10 (2001). This older model instruction makes clear that the appropriate inquiry focuses on the "conduct" of the defendant, which includes the defendant's "failure to act."

Had that instruction, or one that similarly explains the key term of "deliberate indifference," been given in this case, then the interrogatory posed to the jury—"[B]y failing to remove him from Cell 115, was Defendant Lomeli deliberately indifferent to a serious risk of harm to the plaintiff[?]"—and the jury's response thereto would have been meaningful.

I can fully understand why the district judge in this case was misled by following our new model jury instruction. The purpose of this concurrence is to ensure that others do not rely on this erroneous model instruction in the future.