**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GARY B. MEEKS, | No. 10-15612 |
| Plaintiff - Appellant, | D.C. No. 1:03-cv-06700-OWW-GSA |
| v. | |
| JOHN PARSONS, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, Senior District Judge, Presiding

Submitted May 11, 2011[**]
San Francisco, California

Before: GOULD and M. SMITH, Circuit Judges, and GERTNER, District Judge.[***]

After suffering a serious jaw injury, former Centinela State Prison inmate

Gary Meeks brought a 42 U.S.C. § 1983 suit against John Parsons, the prison

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Nancy Gertner, United States District Judge for the District of Massachusetts, sitting by designation.

doctor who oversaw his medical care, alleging deliberate indifference to his medical needs in violation of his Eighth Amendment rights. After a five-day trial, the jury returned a verdict for Parsons. Meeks appeals three of the district court's trial decisions: (1) excluding evidence of Parsons's prior terminations for slow patient care; (2) excluding evidence of the statewide Medical Services Delivery Plan; and (3) instructing the jury to give deference to prison security policies and practices. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion in excluding from evidence, pursuant to Federal Rule of Evidence 403, both Parsons's prior terminations and the Medical Services Delivery Plan. "'As long as it appears from the record as a whole that the trial judge adequately weighed the probative value and prejudicial effect of proffered evidence before its admission, we conclude that the demands of Rule 403 have been met.'" *Boyd v. City & Cnty. of S.F.*, 576 F.3d 938, 948 (9th Cir. 2009) (quoting *United States v. Verduzco*, 373 F.3d 1022, 1029 n.2 (9th Cir. 2004)). The district court reasonably concluded that Parsons's prior terminations, which arose from circumstances unrelated to this case, might give an unwarranted suggestion of misconduct on all of Parsons's treatment decisions. Also, the district court reasonably concluded that admission of the Medical Services Delivery Plan as a trial exhibit might give rise to the unfair inference that Parsons knew of and

2

understood the document but ignored its recommendations. For this reason, the district court, though excluding the document itself, permitted Meeks to cross-examine Parsons on his understanding of its contents. This decision was well within the district court's "broad discretion in controlling the conduct of a trial . . . [and in] exercis[ing] reasonable control over the presentation of evidence and interrogation of witnesses." *Penk v. Or. State Bd. of Higher Educ.*, 816 F.2d 458, 465 (9th Cir. 1987) (internal citations and quotations omitted).

The district court did not err by instructing the jury to give deference to prison security policies and practices. In *Norwood v. Vance*, we held that juries should be instructed to give deference to prison officials' adoption and execution of policies and practices for discipline and security when those policies and practices are at issue in prisoner "conditions of confinement" cases. 591 F.3d 1062, 1066–67 (9th Cir. 2010). Because this is a "conditions of confinement" case, *see Wilson v. Seiter*, 501 U.S. 294, 303 (1991) ("[T]he medical care a prisoner receives is just as much a 'condition' of his confinement as the food he is fed, the clothes he is issued, the temperature he is subjected to in his cell, and the protection he is afforded against other inmates."), the district court's instruction properly applied *Norwood*. Even if we were to distinguish *Norwood* to exclude cases about medical care from the scope of its holding, as Meeks urges, the district

3

court's error would have been harmless. Given the jury's rejection of Meeks's main argument that Parsons delayed and protracted Meeks's care to avoid the hard work required to treat Meeks effectively, the wisdom of Centinela's security policies and Parsons's execution of those policies was more probably than not irrelevant to the jury's verdict and thus harmless. *See Clem v. Lomeli*, 566 F.3d 1177, 1182 (9th Cir. 2009).

**AFFIRMED.**