**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MATRICE L. ANDERSON,

    Plaintiff - Appellant,

  v.

CITY OF LOS ANGELES, public entity;
WILLIAM BRATTON, Officer,
individually; LOPEZ, Officer #36320,
Erroneously Sued As Jose G. Lopez; R.
BROWN, Officer #25781; HICK, Officer
#35401,

    Defendants - Appellees.

No. 09-56442

D.C. No. 2:07-cv-05612-SVW-RC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted December 3, 2012
Pasadena, California

Before: WARDLAW, BEA, and N.R. SMITH, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Matrice Anderson was detained by two Los Angeles police officers after a 911 caller reported a disturbance at a grocery store and a security guard identified Anderson's car as containing the suspect. Anderson sued the officers and the city under 42 U.S.C. § 1983 for violating her Fourth Amendment rights through unlawful detention, false arrest, and use of excessive force. Anderson appeals from an adverse judgment following the jury verdict for defendants and the district court's denial of her motion for new trial. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In making this determination, we assume that Anderson was entitled to a jury instruction on the law of unlawful arrest and probable cause, and that the district court erred in denying her request. *See Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009). However, this error was harmless in light of the jury instructions that the district court did give, which accurately stated the law governing whether the investigatory stop was permissible. *See Allen v. City of Portland*, 73 F.3d 232, 235 (9th Cir.1996); *Washington v. Lambert*, 98 F.3d 1181, 1185 (9th Cir.1996). The jury concluded that the length and scope of the police officers' detention of Anderson was reasonable as an investigatory stop. As long as Anderson's detention was an investigatory stop, found to be reasonable, such detention could not have constituted an arrest. Because the jury found that

2

Anderson's detention was reasonable as an investigatory stop, the jury could not have found that an arrest occurred, and the jury therefore would not have reached the question whether such an arrest was supported by probable cause, even if the district court had given Anderson's requested instruction on that issue. Thus, the district court's failure to give Anderson's proposed unlawful arrest and probable cause instructions was harmless.

The district court correctly did not instruct the jury that the defendants bore the burden of production of evidence with regard to reasonable suspicion justifying the investigatory stop. There is no authority to support such an instruction shifting the burden to defendants.

Anderson's claim that the jury verdict is unsupportable as a matter of law is not properly preserved on appeal because no such argument was raised in Anderson's post-trial motion. Even if the district court did reject such a challenge to the verdict, this would not constitute a clear abuse of discretion. *Desrosiers v. Flight Int'l of Fla.*, 156 F.3d 952, 957 (9th Cir. 1998).

**AFFIRMED.**

3

*Anderson v. City of Los Angeles*, No. 09-56442

WARDLAW, Circuit Judge, dissenting in part:

The majority holds that it was harmless error for the district court to completely exclude from the jury's consideration an entire claim about which conflicting evidence was adduced at trial, based on the district judge's professed subjective belief that he did not *"think an arrest ever occurred."* Although Anderson alleged in her complaint that she was unlawfully arrested and presented evidence at trial in support of that allegation, and even though the defendants never moved for summary judgment or judgment as a matter of law, the district court ruled on the record that it would not "allow that question to be presented to the jury." After Anderson moved for a new trial, the district court did an abrupt about-face, concluding for the first time in a post-trial order that its instructions to the jury had been sufficient to encompass the unlawful arrest claim after all. Because the majority's acquiescence to this post-hoc rationalization is contrary to our law, I respectfully dissent from this aspect of the disposition.

The majority reasons that because the jury found the stop to be reasonable as an investigatory stop requiring only reasonable suspicion, there *could not* have been be an unlawful arrest. The majority cites no precedent for this novel proposition, because none exists. Indeed, the opposite is generally true: "Whether

1

we deem a particular detention a *Terry* stop or an arrest is of great importance because the decision we make will frequently determine whether the police conduct was lawful or not." *Washington v. Lambert*, 98 F.3d 1181, 1185-86 (9th Cir. 1996). Here, the jury determined only that the seizure was reasonable as an investigatory stop. In so concluding, it did not perforce determine that the seizure never became an arrest or that any arrest was lawful, because "[t]he reasonable suspicion standard 'is a less demanding standard than probable cause,' and merely requires 'a minimal level of objective justification.'" *Gallegos v. City of Los Angeles*, 308 F.3d 987, 990 (9th Cir. 2002) (quoting *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000)). The majority's reasoning improperly stretches the verdict of a jury that was not properly instructed on the law, because the district court refused to do so. A jury instruction that explicitly framed the distinction between an investigatory stop requiring reasonable suspicion and an arrest requiring probable cause would have primed the jury to consider these two theories of liability as separate legal inquiries requiring different showings by the parties. Had the jury been called upon to make this distinction, or even been told that such a distinction exists, its reasonableness analysis could well have been different.

The question here is not whether the seizure could somehow be *both* a lawful *Terry* stop *and* an unlawful arrest; the question is whether the seizure was a

2

*Terry* stop *or* an arrest, and whether it was supported by the level of justification appropriate to the type of seizure. This is a question that is properly answered by the fact-finder, which "must consider the totality of the circumstances." *Allen v. City of Portland*, 73 F.3d 232, 235 (9th Cir. 1995) (quoting *Terry v. Ohio*, 392 U.S. 1, 27 (1968)). Because "the factual matters underlying the judgment of reasonableness generally mean that probable cause is a question for the jury," the district court's refusal to allow the jury to consider Anderson's unlawful arrest claim would have been appropriate "only if no reasonable jury could find that the officers did or did not have probable cause to arrest." *McKenzie v. Lamb*, 738 F.2d 1005, 1008 (9th Cir. 1984). But at trial, the parties disagreed about the specificity and credibility of the information giving rise to the stop of Anderson's car, how expediently the officers confirmed the absence of any armed suspect, how dangerous the situation was, whether Anderson cooperated, and how much and what level of force was used. It is thus beyond dispute that Anderson was entitled to the jury's consideration of her unlawful arrest claim, and the district court's error was clearly not harmless. I therefore dissent from the majority's holding to the contrary.

3