*579 MEMORANDUM *
Matrice Anderson was detained by two Los Angeles police officers after a 911 caller reported a disturbance at a grocery store and a security guard identified Anderson’s car as containing the suspect. Anderson sued the officers and the city under 42 U.S.C. § 1983 for violating her Fourth Amendment rights through unlawful detention, false arrest, and use of excessive force. Anderson appeals from an adverse judgment following the jury verdict for defendants and the district court’s denial of her motion for new trial. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
In making this determination, we assume that Anderson was entitled to a jury instruction on the law of unlawful arrest and probable cause, and that the district court erred in denying her request. See Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir.2009). However, this error was harmless in light of the jury instructions that the district court did give, which accurately stated the law governing whether the investigatory stop was permissible. See Allen v. City of Portland, 73 F.3d 232, 235 (9th Cir.1995); Washington v. Lambert, 98 F.3d 1181, 1185 (9th Cir.1996). The jury concluded that the length and scope of the police officers’ detention of Anderson was reasonable as an investigatory stop. As long as Anderson’s detention was an investigatory stop, found to be reasonable, such detention could not have constituted an arrest. Because the jury found that Anderson’s detention was reasonable as an investigatory stop, the jury could not have found that an arrest occurred, and the jury therefore would not have reached the question whether such an arrest was supported by probable cause, even if the district court had given Anderson’s requested instruction on that issue. Thus, the district court’s failure to give Anderson’s proposed unlawful arrest and probable cause instructions was harmless.
The district court correctly did not instruct the jury that the defendants bore the burden of production of evidence with regard to reasonable suspicion justifying the investigatory stop. There is no authority to support such an instruction shifting the burden to defendants.
Anderson’s claim that the jury verdict is unsupportable as a matter of law is not properly preserved on appeal because no such argument was raised in Anderson’s post-trial motion. Even if the district court did reject such a challenge to the verdict, this would not constitute a clear abuse of discretion. Desrosiers v. Flight Int’l of Fla., 156 F.3d 952, 957 (9th Cir.1998).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.