**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 20 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID E. EDWARDS,

      Plaintiff - Appellant,

  v.

D. K. SISTO, Warden; et al.,

      Defendants - Appellees.

No. 13-15824

D.C. No. 2:08-cv-00620-CMK

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Craig Kellison, Magistrate Judge, Presiding

Submitted August 12, 2014[**]
San Francisco, California

Before: HAWKINS, THOMAS, and McKEOWN, Circuit Judges.

    David Edwards appeals the district court's judgment entered following a

jury verdict in favor of prison officials. We affirm. Because the parties are

familiar with the history of this case, we need not recount it here.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

"We review de novo whether [jury] instructions misstated the law."

Fireman's Fund Ins. Cos. v. Alaskan Pride P'ship, 106 F.3d 1465, 1469 (9th Cir. 1997). If an "error in the jury instruction is harmless, it does not warrant reversal." Dang v. Cross, 422 F.3d 800, 805 (9th Cir. 2005). "Because we presume prejudice where civil trial error is concerned, the burden shifts to the defendant to demonstrate that it is more probable than not that the jury would have reached the same verdict had it been properly instructed." Clem v. Lomeli, 566 F.3d 1177, 1182 (9th Cir. 2009) (internal quotation marks and citation omitted).

Any misstatement of the law as part of Jury Instruction No. 11 was harmless. The first element Edwards had to prove under Jury Instruction No. 11 is that he faced a substantial risk of serious harm. The jury answered in the Special Verdict Form that Edwards did not prove this element. Thus, it is more probable than not that the jury would have reached the same conclusion even if the instruction had not included the challenged element. See Clem, 566 F.3d at 1182-83; Dang, 422 F.3d at 811.

**AFFIRMED.**