NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 26 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| URBAN McCONNELL, | No. 14-15941 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-01601-RCJ-PAL |
| v. | |
| WAL-MART STORES, INC., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Senior District Judge, Presiding

Submitted May 13, 2016**
San Francisco, California

Before: McKEOWN, SACK***, and FRIEDLAND, Circuit Judges.

Plaintiff Urban McConnell slipped and fell on a wet floor in a Wal-Mart

store in Las Vegas and suffered serious injury to his left knee. He brought suit in

---

*        This disposition is not appropriate for publication and is not
precedent except as provided by 9th Cir. R. 36-3.

**        The panel unanimously concludes this case is suitable for
decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

***        The Honorable Robert D. Sack, Senior Circuit Judge for the
U.S. Court of Appeals for the Second Circuit, sitting by designation.

the United States District Court for the District of Nevada against Wal-Mart in tort on a negligence theory. The case was tried in the district court before a jury, which returned a verdict in favor of Wal-Mart on the sole basis that it was not negligent. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

On appeal, McConnell raises three issues, each of which lacks merit.

First, McConnell argues that the district court erred in denying his Rule 50(b) motion for judgment as a matter of law based on the evidence at trial. "'We review *de novo* the district court's denial of a renewed motion for judgment as a matter of law' under Rule 50(b)." *EEOC v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009) (quoting *Josephs v. Pac. Bell*, 443 F.3d 1050, 1062 (9th Cir. 2006)). The district court could not entertain McConnell's Rule 50(b) motion because he failed to first file a timely Rule 50(a) motion as required by Rule 50(b). *See Tortu v. Las Vegas Metro. Police Dep't*, 556 F.3d 1075, 1078 (9th Cir. 2009).

Second, McConnell advances several arguments concerning the district court's assumption of risk instruction and its denial of his Rule 59 motion for a new trial, which was based on that instruction. "We review de novo whether [a jury] instruction misstates the law. If so, the error warrants reversal, unless it is harmless." *Harrington v. Scribner*, 785 F.3d 1299, 1306 (9th Cir. 2015). Even if the assumption of risk instruction was erroneous, reversal would not be required here because the "error [wa]s more probably than not harmless," and the defendant

2

has demonstrated that "it is more probable than not that the jury would have reached the same verdict had it been properly instructed." *Clem v. Lomeli*, 566 F.3d 1177, 1182 (9th Cir. 2009) (quoting *Dang v. Cross*, 422 F.3d 800, 811 (9th Cir. 2005)). The jury found that Wal-Mart was not negligent, and therefore never was required to nor did reach the issue of McConnell's comparative negligence and whether he had assumed the risk of walking on the wet floor. Simply put, the assumption of risk instruction could not have affected the jury verdict.

Third, McConnell objects to "ad lib" explanatory commentary and hypothetical examples used by the district court in the course of delivering its jury instructions. But as McConnell concedes, he made no contemporaneous objections to these comments or examples. By failing contemporaneously to object, McConnell has waived his ability to challenge them on appeal. *E.g.*, *Affordable Hous. Dev. Corp. v. City of Fresno*, 433 F.3d 1182, 1196 (9th Cir. 2006) ("Failure to object to an instruction waives the right of review."). In any event, the district court's commentary and use of hypothetical examples here did not impermissibly follow the fact pattern of this case or otherwise mislead the jury, and for this reason did not prejudice McConnell. *Cf. United States v. Abushi*, 682 F.2d 1289, 1300-01 (9th Cir. 1982).

Judgment AFFIRMED.