**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **LAMONT SHEPARD,** | No. 13-15554 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-00809-BAM |
| v. | |
| **T. QUILLEN; J. WISE,** | **MEMORANDUM**[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Barbara McAuliffe, Magistrate Judge, Presiding

Argued and Submitted August 12, 2015
San Francisco, California

Before:    **KOZINSKI** and **TALLMAN**, Circuit Judges, and **RAYES**,[**] District
Judge.

Shepard had to prove both subjective and objective elements to succeed on

his Eighth Amendment excessive force claim.  See Hudson v. McMillian, 503 U.S.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Douglas L. Rayes, District Judge for the U.S. District
Court for the District of Arizona, sitting by designation.

1, 7–8 (1992). The evidence introduced at trial tended to show that Quillen used little, if any, force against Shepard. It's thus more likely than not that the jury found Quillen didn't use objectively excessive force. Accordingly, even if the district court erred in instructing on Quillen's subjective intent, "it is more probable than not that the jury would have reached the same verdict had it been properly instructed." Clem v. Lomeli, 566 F.3d 1177, 1182 (9th Cir. 2009). Because we find that Shepard suffered no prejudice even under de novo review, we need not decide whether the district court violated Federal Rule of Civil Procedure 51 by not asking Shepard whether he objected to the proposed instructions.

We resolve Shepard's appeal against Wise in an opinion filed concurrently herewith.

**AFFIRMED** in part, **REVERSED** in part and **REMANDED.**

Costs to Shepard against Wise and to Quillen against Shepard.