**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DARIA NIKOLAYEVNA KORZHINA,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | Nos. 11-71906<br>12-70201<br><br>Agency No. A099-912-023<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 11, 2017
San Francisco, California

Before: SCHROEDER and TALLMAN, Circuit Judges, and WHALEY,** District Judge.

Daria Nikoayevna Korzhina, a native and citizen of Russia, petitions for

review of the Board of Immigration Appeals' ("BIA") denial of asylum,

withholding of removal, and protection under the Convention Against Torture.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

On appeal, she contends the BIA's denial of her petition was not supported by substantial evidence and that the record compels the conclusion that the harm she suffered rose to the level of persecution. *See INS v. Elias-Zacarias,* 502 U.S. 478, 483 (1992). Korzhina also argues the BIA should have granted her motion to reopen to present evidence showing country conditions have changed, and seeks a remand for that purpose.

The government does not defend the agency decision on the merits. It contends the BIA exceeded the scope of its review by engaging in improper fact finding under *Ridore v. Holder,* 696 F.3d 907 (9th Cir. 2012). The government asks us to remand for the BIA to address the merits of the Immigration Judge's decision and motion to reopen. In her reply, Petitioner contends that because the government waived any arguments going to the merits of her position, her petition must be granted. *See Clem v. Lomeli,* 566 F.3d 1177, 1182 (9th Cir. 2009) (arguments not raised in an answering brief are waived).

We are faced with the unusual situation in which the parties effectively agree the BIA erred in how it handled Petitioner's application. Granting the petition to reopen would permit both parties to offer evidence to help resolve the application in light of current country conditions. Under such circumstances, the motion to reopen should be granted. Ms. Korzhina's petition for review of the BIA's denial

of her motion to reopen is GRANTED, and we remand on an open record to allow the BIA to resolve the application in light of current country conditions.

Petition GRANTED and REMANDED.