# FILED

NOT FOR PUBLICATION

JUN 21 2018

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| VICTORINA MATA, | No. 16-36015 |
| Plaintiff-Appellant, | D.C. No. 6:13-cv-00485-MC |
| v. | |
| OREGON HEALTH AUTHORITY, an Agency of the State of Oregon; CATHLEEN KAUFMANN; PATRICIA WENTZ, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Argued and Submitted May 10, 2018
Portland, Oregon

Before: RAWLINSON and CHRISTEN, Circuit Judges, and BLOCK,[**] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

Plaintiff-Appellant Victorina Mata appeals a judgment entered after trial in favor of Defendants-Appellees Oregon Health Authority (OHA), Cathleen Kaufman, and Patricia Wentz. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand.

1. We reverse Jury Instruction No. 9 in part. The district court erred by not instructing the jury that Mata's reports to the Oregon Secretary of State and the Oregon Bureau of Labor and Industries could support a retaliation claim under Or. Rev. Stat. § 659A.230's "civil proceeding" clause. We must predict how the Oregon Supreme Court would resolve the discrepancy between *Huber v. Or. Dep't of Educ.*, 230 P.3d 937 (Or. Ct. App. 2010), and Or. Admin. R. 839-010-0140. *See Westlands Water Dist. v. Amoco Chem. Co.*, 953 F.2d 1109, 1111 (9th Cir. 1991). We are persuaded that contacting an administrative agency qualifies as "[b]ringing a civil proceeding"—the interpretation that the Bureau of Labor and Industries promulgated in Or. Admin. R. 839-010-0140. We need not decide whether the statutory phrase "brought a civil proceeding" is an inexact term or a delegative term, because we conclude the Oregon Supreme Court would endorse the Bureau's interpretation under either standard of review. *See Bobadilla-German v. Bear Creek Orchards, Inc.*, 641 F.3d 391, 398 (9th Cir. 2011).

Assuming the statutory phrase "brought a civil proceeding" is an inexact term, the Bureau's interpretation "is consistent with the legislature's intent." *Blachana v. Bureau of Labor & Indus.*, 318 P.3d 735, 746 (Or. 2014); *see also Springfield Educ. Ass'n v. Springfield Sch. Dist. No. 19*, 621 P.2d 547, 554 (Or. 1980) ("[T]he test is general: whether a particular interpretation . . . is consistent with or tends to advance a more generally expressed legislative policy."). Oregon courts have recognized that the "statutory protection provided by the whistleblower statute advances the public policy of encouraging citizens to assist in the enforcement of state and federal laws." *Jensen v. Medley*, 11 P.3d 678, 688 (Or. Ct. App. 2000), *rev'd on other grounds*, 82 P.3d 149 (Or. 2003).[1] The Bureau's interpretation is consistent with the statute and advances legislative policy. Thus, it "is a valid interpretation of an inexact term (as well as a delegative term, under the less stringent standard)." *Bear Creek*, 641 F.3d at 398.

*Huber* does not acknowledge or analyze the Bureau's interpretation. *See Huber*, 230 P.3d at 942; *see also Folz v. State ex rel. Or. Dep't of Transp.*, 404 P.3d 1036, 1041 (Or. Ct. App. 2017) (noting the discrepancy between *Huber* and the administrative rule). We conclude that: (1) the *Huber* court's silence about the

---

[1] *Jensen* involved former Or. Rev. Stat. § 659.550, which was renumbered as Or. Rev. Stat. § 659A.230 in 2001. *See Jensen*, 82 P.3d at 151.

3

rule; and (2) the rule's consistency with the policy inherent in Or. Rev. Stat. § 659A.230 are "persuasive data" that the Oregon Supreme Court would not reach the same result as *Huber*. *Am. Tower Corp. v. City of San Diego*, 763 F.3d 1035, 1047 (9th Cir. 2014).

Civil jury instructions are subject to harmless-error review, but we presume prejudice when an instruction misstates the law. *Clem v. Lomeli*, 566 F.3d 1177, 1182 (9th Cir. 2009). Since OHA did not address prejudice in its answering brief, it did not rebut that presumption. *Id.* Accordingly, we reverse Jury Instruction No. 9 in part. We need not decide whether reports to administrative agencies are separately protected under the statute's "reported criminal activity" clause.

2. We also affirm Jury Instruction No. 9 in part. Mata has not shown that the district court erred by instructing the jury that her termination was the only independently actionable retaliation she faced. The jury instruction was a product of the district court's ruling on summary judgment that Mata's "other alleged acts of retaliation such as moving [her] desk or excluding her from meetings do not rise to the level of adverse employment actions worthy of separate and additional retaliation claims." "Our review is limited to the record presented to the district court at the time of summary judgment." *Lippi v. City Bank*, 955 F.2d 599, 604 (9th Cir. 1992). On appeal, Mata cites exclusively to evidence and exhibits from

the trial record, so she has not shown that the district court erred at the summary judgment stage.

3.      The district court did not abuse its discretion by excluding Dr. Donald Soeken from testifying on the grounds that his testimony would not have been helpful to the trier of fact. For an expert's testimony to help the trier of fact understand the evidence, "the subject matter at issue must be beyond the common knowledge of the average layman." *United States v. Finley*, 301 F.3d 1000, 1007 (9th Cir. 2002). Soeken's report did little more than vouch for Mata's version of events.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**