**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 3 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICARDO MARTINEZ-RODRIGUEZ,
AKA Ricardo Martinez,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    17-72158

Agency No. A095-775-300

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 5, 2019
San Francisco, California

Before:  W. FLETCHER and MILLER, Circuit Judges, and PREGERSON,**
District Judge.

Ricardo Martinez-Rodriguez petitions for review of an order of the Board of

Immigration Appeals denying his claims for asylum, withholding of removal, and

protection under the Convention Against Torture.  We deny the petition.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Dean D. Pregerson, United States District Judge for
the Central District of California, sitting by designation.

Martinez-Rodriguez was born in Puebla, Mexico, in 1990. With the exception of a five-month trip to Mexico in 2009, he has lived in the United States with his older sister since 2004. His mother, father, and two younger siblings continue to live together in Puebla, Mexico.

Martinez-Rodriguez suffers from schizophrenia. He received limited treatment for his condition before he moved to the United States, but his family had difficulty paying for his medication. In the United States, his sister has paid for his medication. Martinez-Rodriguez principally contends that were he to return to Mexico, he would not receive adequate treatment for his condition, and would therefore be persecuted on account of his status as an indigent individual with visible symptoms of schizophrenia or mood affective disorder. He contends that he would face violence from criminals who prey on the indigent mentally ill and/or forced institutionalization by governmental authorities.

The immigration judge found that Martinez-Rodriguez had not established a well-founded fear of persecution or a likelihood of persecution or torture. First, the IJ found that it was speculative that his family would offer him any less support in Mexico than in the United States, in part based on a lack of any affidavits or declarations to that effect. Second, the IJ found that even if Martinez-Rodriguez were correct that he would lack access to medication and therapy in Mexico, there

was no indication that he would suffer any persecution or torture on that basis. The IJ noted that Martinez-Rodriguez lived in Mexico both as a child and during his five-month visit in 2009 without medication, and during those periods, he faced no persecution and no violence apart from ordinary common crime. Finally, the IJ credited evidence that the Mexican government "has made great strides" in the treatment of people with mental illnesses in recent years. The BIA affirmed for substantially the same reasons.

We review the agency's legal conclusions de novo and its factual findings for substantial evidence. *Tamang v. Holder*, 598 F.3d 1083, 1088 (9th Cir. 2010). "The 'substantial evidence' standard requires this court to uphold the IJ's and BIA's findings and decisions if supported by reasonable, substantial, and probative evidence on the record. To prevail, Petitioner must show that the evidence not only supports, but compels the conclusion that these findings and decisions are erroneous." *Cordon-Garcia v. INS*, 204 F.3d 985, 990 (9th Cir. 2000) (internal quotation marks and citations omitted).

Substantial evidence supports the agency's determination that Martinez-Rodriguez did not establish a well-founded fear of persecution or a likelihood of persecution or torture. We agree with the BIA and the IJ that "the record does not support [Martinez-Rodriguez's] claim that he would be at risk of coming to the

3

attention of the police, the cartels and the general public if he were not medicated." Martinez-Rodriguez did not provide any evidence that he exhibited outward manifestations of mental illness likely to draw attention. To the contrary, both his testimony and medical records suggested otherwise. That he previously lived in Mexico with inadequate treatment and suffered no threats or persecution militates strongly against his claim that he would be targeted based on outward manifestations of mental illness. Nor does the general inadequacy of mental health care in Mexico—including poor conditions in mental institutions—give rise to a cognizable claim for protection under the Convention Against Torture. *See Villegas v. Mukasey*, 523 F.3d 984, 989 (9th Cir. 2008).

Martinez-Rodriguez also contends that the IJ erred by relying on a lack of corroborating evidence that his family would not support him in Mexico without giving him the opportunity to introduce corroborating affidavits. *See Ren v. Holder*, 648 F.3d 1079, 1091–92 (9th Cir. 2011). For the first time, by a Rule 28(j) letter two days before we heard argument in this case, the government contended that Martinez-Rodriguez had failed to exhaust this argument before the BIA and that 8 U.S.C. § 1252(d)(1) therefore deprives us of jurisdiction to consider it. Alerting the court to a potentially dispositive issue that is not based on new information well after briefing has concluded wastes judicial resources, and we

4

ordinarily would decline to consider it.  *See Clem v. Lomeli*, 566 F.3d 1177, 1182 (9th Cir. 2009).  The government contends, however, that its argument is not waivable because it goes to our subject matter jurisdiction.

Although we note that our decision in *Ren* sets a low bar for exhaustion, we need not resolve whether that standard is met here or whether the government may waive an argument based on § 1252(d)(1).  Substantial evidence would support the agency's decision even if it had accepted Martinez-Rodriguez's allegation that his family would not provide him any support in Mexico.  The link between Martinez-Rodriguez's condition—even if inadequately treated—and any risk of persecution or torture is too attenuated and speculative to support a grant of asylum, withholding, or protection under the Convention Against Torture.

**PETITION DENIED.**