NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MATTHEW SPONER, | No.    19-35892 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-02035-HZ |
| v. | |
| WELLS FARGO BANK, N.A., | MEMORANDUM* |
| Defendant-Appellee, | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Argued and Submitted March 1, 2021
Portland, Oregon

Before:  PAEZ and WATFORD, Circuit Judges, and TUNHEIM,** District Judge.

Matthew Sponer appeals the district court's judgment, after a jury trial, in

his action under the Fair Credit Reporting Act ("FCRA") against Wells Fargo

Bank, N.A.  Sponer alleged that Wells Fargo informed credit reporting agencies

---

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **        The Honorable John R. Tunheim, Chief United States District Judge
for the District of Minnesota, sitting by designation.

that he had defaulted on a $29,000 car loan when it knew his identity had been stolen and the loan was not his. The jury found that Wells Fargo willfully violated the FCRA but awarded no punitive damages. The district court entered a $101,000 judgment against Wells Fargo. Sponer seeks a new trial on punitive damages.

We review a district court's evidentiary rulings for an abuse of discretion. *Barranco v. 3D Sys. Corp.*, 952 F.3d 1122, 1127 (9th Cir. 2020). We review a district court's formulation of jury instructions in a civil case for an abuse of discretion but review de novo whether the instructions misstated the law. *Peralta v. Dillard*, 744 F.3d 1076, 1082 (9th Cir. 2014) (en banc). We affirm.

1.     Even assuming the district court erred in its ruling under Federal Rule of Civil Procedure 37(c)(1) that Exhibit 560 was admissible, any such error was harmless. Exhibit 560 contained Wells Fargo's written procedures for handling fraud-based automated consumer dispute verification ("ACDV") requests. Sponer contends that those written procedures were essential to Wells Fargo's argument to the jury that it had not willfully violated the FCRA, and that even if it had engaged in a willful violation, punitive damages were not warranted. But Wells Fargo's employees were able to testify about those same procedures based on their personal knowledge. Thus, Wells Fargo could have presented the same arguments to the jury even if Exhibit 560 had not been admitted.

2.     The district court did not abuse its discretion by permitting Wells Fargo to

2

introduce evidence and argument about its requests for documents from Sponer. The district court ruled that this evidence was admissible because it was relevant to the issue of whether Wells Fargo's investigation was reasonable. Although Sponer asserts that the FCRA does not permit a company to condition its investigation on receiving information from the customer, and the district court thus erred in admitting this evidence, that is not what Wells Fargo argued at trial. At trial, Wells Fargo asserted that Sponer's delayed and incomplete responses impeded its investigations. And as the parties concede, evidence and argument about the requests for information were thus relevant to the issue of reprehensibility, directly at issue in the jury's assessment of punitive damages. *See White v. Ford Motor Co.*, 500 F.3d 963, 975 (9th Cir. 2007) ("reprehensibility is judged in relation to the conduct and actions of others").

Nor did the district court err in refusing to provide a jury instruction clarifying Wells Fargo's obligations under the FCRA. As discussed, Wells Fargo did not argue that it was permitted to condition its investigation on Sponer's cooperation but rather asserted that Sponer's delayed and incomplete responses impeded its investigations.

3.      Because the jury awarded $0 in punitive damages, the district court's instruction to the jury not to consider Wells Fargo's net worth was not harmful and does not warrant a new trial on punitive damages. A jury's consideration of wealth

3

in imposing punitive damages is both lawful and appropriate. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 427-28 (2003). But the jury here was instructed that punitive damages could be awarded and declined to do so. Sponer has not demonstrated that, absent the net worth instruction, the jury would have done otherwise. *See Clem v. Lomeli*, 566 F.3d 1177, 1182 (9th Cir. 2009) ("An error in instructing the jury in a civil case requires reversal unless the error is more probably than not harmless.") (internal citations and quotation marks omitted).

**AFFIRMED.**