**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 23 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ASHENAFI G. ABERHA, | No. 22-15282 |
| Plaintiff-Appellee, | D.C. No. 3:19-cv-00606-MMD-CSD |
| v. | |
| ERIC DELAFONTAINE, | MEMORANDUM* |
| Defendant-Appellant, | |
| and | |
| NEVADA DEPARTMENT OF CORRECTIONS; DIRECTOR, Nevada Department of Corrections; W. GITTERRE; JAMES DZURENDA; SUNDAY; G. T. DAVIS, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Submitted February 15, 2023**
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: WARDLAW, NGUYEN, and KOH, Circuit Judges.

Correctional officer Eric Delafontaine appeals the district court's order denying him qualified immunity from inmate Ashenafi Aberha's suit under 42 U.S.C. § 1983, in which Aberha claims that Delafontaine failed to protect him from sexual assaults allegedly committed by Aberha's cellmate. We have jurisdiction under 28 U.S.C. § 1291 to review the district court's denial of qualified immunity "to the extent that it turns on an issue of law." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). Reviewing such legal issues de novo, *see Stewart v. Aranas*, 32 F.4th 1192, 1195 (9th Cir. 2022), we affirm in part and dismiss in part.

"An official sued under § 1983 is entitled to qualified immunity unless it is shown that: (1) the official violated a statutory or constitutional right, and (2) the right was 'clearly established' at the time the violation occurred." *Manriquez v. Ensley*, 46 F.4th 1124, 1129 (9th Cir. 2022) (quoting *Plumhoff v. Rickard*, 572 U.S. 765, 778 (2014)). "The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation when: (1) the deprivation alleged is 'objectively, sufficiently serious' and (2) the prison officials had a 'sufficiently culpable state of mind,' acting with deliberate indifference." *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

1.    In Delafontaine's first two arguments as to why he was entitled to summary judgment, he contends that he "did not know of a substantial risk of serious harm to Aberha."  Delafontaine first argues that "the only factual allegation of what exactly was reported . . . comes from [his own] declaration," which "clearly establishes there was no report of a sexual assault."  In the alternative, he argues that "an [inmate's] uncorroborated allegation [of sexual assault] alone is not sufficient to establish the subjective component of deliberate indifference."  We lack jurisdiction to consider these arguments.  "[D]eterminations of evidentiary sufficiency at summary judgment are not immediately appealable" in a qualified immunity case "if what is at issue . . . is . . . whether the evidence could support a finding that particular conduct occurred."  *Behrens v. Pelletier*, 516 U.S. 299, 313 (1996).  Therefore, we dismiss the appeal to the extent it raises these issues.

2.    Delafontaine also argues that he "took a reasonable step after learning of the . . . threat" to Aberha by "instigating an investigation into Aberha's allegation" of sexual assault.  The district court did not explicitly address this argument,[1] so we must "review . . . the record to determine what facts the district court, in the

---

[1] Delafontaine did not raise the issue below.  To the extent we have subject matter jurisdiction, we usually "decline to consider arguments raised for the first time on appeal," though we have discretion to do so if "the issue is purely one of law, does not affect or rely upon the factual record developed by the parties, and will not prejudice the party against whom it is raised."  *Paeste v. Gov't of Guam*, 798 F.3d 1228, 1235 (9th Cir. 2015) (quoting *Dream Palace v. County of Maricopa*, 384 F.3d 990, 1005 (9th Cir. 2004)).

light most favorable to the nonmoving party, likely assumed." *Behrens*, 516 U.S. at 313 (quoting *Johnson v. Jones*, 515 U.S. 304, 319 (1995)). Because the record lacks evidence that Delafontaine took any steps after Aberha reported the first sexual assault until Delafontaine responded to the third sexual assault—when the investigation was already underway—the district court likely assumed that Delafontaine did not instigate the investigation. Although Delafontaine disputes this implicit finding, we lack jurisdiction to revisit the district court's assessment of the evidence in the record. *See id.* Therefore, we also dismiss the appeal as to this issue.

3. Lastly, Delafontaine argues that "there is no clearly established law that put [him] on clear notice that his actions constituted cruel and unusual punishment in violation of the Eighth Amendment." We disagree. In September 2018, when the incident at issue here occurred, it was clearly established that Delafontaine's conduct—viewing the evidence in the light most favorable to Aberha—violated the Eighth Amendment. It "has been clearly established since the Supreme Court's decision in *Farmer* . . . in 1994" that an inmate has the "right to be protected from violence at the hands of other inmates." *Wilk v. Neven*, 956 F.3d 1143, 1150 (9th Cir. 2020). And since *Clem v. Lomeli*, 566 F.3d 1177 (9th Cir. 2009), it has been clear that a correctional officer's "doing nothing in response to [an inmate's] pleas for help" after the inmate's cellmate threatened physical violence is "unreasonable,

4

amounting to 'deliberate indifference.'" *Wilk*, 956 F.3d at 1148 (quoting *Clem*, 566 F.3d at 1182). We affirm the district court's denial of qualified immunity on this ground.

**AFFIRMED in part; DISMISSED in part.**