**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 26 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ADAM BERNARD SERNAS,

      Plaintiff - Appellant,

  v.

UNKNOWN CANTRELL, Deputy
Warden; UNKNOWN COLLARS, CO 4 at
ASPC Lewis/Barchey Unit,

      Defendants - Appellees,

and

UNKNOWN GALVAN, Assistant Deputy
Warden, UNKNOWN PALMER,
SSU, UNKNOWN BAKER,
Captain, UNKNOWN GONZALEZ, Shift
Sgt. at ASPC Lewis/Barchey
Unit, UNKNOWN JIMENEZ,
Sgt., UNKNOWN WILLIS, CO 3,

      Defendants.

No. 23-1379

D.C. No.
2:19-cv-00730-DJH-ESW

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Argued and Submitted November 5, 2024

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Phoenix, Arizona

Before: HAWKINS, TASHIMA, and OWENS, Circuit Judges.

Adam Sernas appeals from the district court's grant of summary judgment to Defendants, Arizona State Prison Complex officials, in his 42 U.S.C. § 1983 action alleging that Defendants violated his Eighth Amendment rights by failing to protect him from violence by other inmates. We review the district court's order granting summary judgment de novo. *Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1259 (9th Cir. 2021). "Summary judgment is only appropriate if there is no genuine dispute of material fact, after viewing the evidence in the light most favorable to the nonmoving party." *Weber v. Allergan, Inc.*, 940 F.3d 1106, 1110 (9th Cir. 2019). As the parties are familiar with the facts, we do not recount them here. We reverse and remand.

The district court erred in granting summary judgment to Defendants based on Sernas's purported failure to show a genuine dispute of material fact concerning whether Defendants' alleged deliberate indifference proximately caused Sernas's injuries. *See Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009) (listing the elements of a Section 1983 claim for failure to protect under the Eighth Amendment). The district court reasoned that the evidence was insufficient to identify "which prisoners threatened [Sernas]" and "which prisoner or prisoners assaulted [Sernas]" or "why they did so," which precluded "show[ing] a causal

relationship between the two." The court thus held that Sernas's claim "fail[ed] as a matter of law."

However, while in the "Refuse to House" unit ("RTH"), Sernas repeatedly placed Defendants on notice of the type of harm he feared (death or grievous injury), the underlying context (that he was asked to hold drugs, and his life was threatened), the anticipated source and site of the harm (other inmates in the Barchey general population), and the specific action that would precipitate the harm (return to Barchey). When Defendants forced Sernas to leave RTH, he was attacked by other inmates at Barchey almost immediately, "suffer[ing] precisely the type of harm" he gave Defendants reason to foresee. *Lemire v. Cal. Dep't of Corrs. & Rehab.*, 726 F.3d 1062, 1080 (9th Cir. 2013).

That Sernas was unable to identify the inmates who attacked him or the inmates who threatened him does not defeat proximate cause. A prison official may not "escape liability" merely "by showing that, while he was aware of an obvious, substantial risk to inmate safety, he did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault." *Farmer v. Brennan*, 511 U.S. 825, 843 (1994); *see also Berg v. Kincheloe*, 794 F.2d 457, 458, 460-62 (9th Cir. 1986) (reversing in part a district court's grant of summary judgment to a prison official, where the official ignored an inmate's claim that his "life w[as] in danger" and the inmate was later

assaulted, even though the inmate "refused to identify" his assailant). And in any case, considering the timing and location of the assault and the testimony of Sernas's expert that inmate hierarchies make such assaults "not usually random," a reasonable jury could find it more likely than not that the threat and attack bore some relation such that Defendants should have foreseen that Sernas would be injured based on his reports of the threat.

Moreover, where, as here, Defendants' failure to investigate the threat against Sernas arguably contributed to the lack of information about the identities of the inmates involved, Sernas's injuries are not "so attenuated" from Defendants' alleged deliberate indifference that they are "more aptly described as a mere fortuity." *Hernandez v. Skinner*, 969 F.3d 930, 942 (9th Cir. 2020) (quoting *Paroline v. United States*, 572 U.S. 434, 445 (2014)).

**REVERSED AND REMANDED**.